**Dallas Ray DELAY, Appellant,**

v.

**Jay NIXON; Denis Agniel; Cranston Mitchell; Dick Moore; Donna Coleman; Bob Holden; Stephen N. Limbaugh, Jr.; Gary Kempker; Dora Schriro; Don W. Kennedy; Lorry K. Kelly; Michael Groose; Terrence Lord, Appellees.**

No. 03–2138.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 7, 2003.

Decided Aug. 22, 2003.

Dallas Ray Delay, Jefferson City, MO, pro se.

Before RILEY, HANSEN, and SMITH, Circuit Judges.

PER CURIAM.

Missouri inmate Dallas Ray Delay appeals from the district court's[1] dismissal of his civil action and denial of his Federal Rule of Civil Procedure 59(e) motion. The district court entered its judgment dismissing the complaint on November 25, 2002. Delay's Rule 59(e) motion was filed on December 23 and denied on March 27. Delay filed a notice of appeal on April 4.

Because the postjudgment motion was not filed within ten days of entry of judgment, even giving Delay the benefit of the

1. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

date on his motion, *see* Fed. R.App. P. 4(c); Fed.R.Civ.P. 6(a), it did not toll the time for appeal from the underlying judgment, *see* Fed. R.App. P. 4(a)(4)(A). The notice of appeal was therefore filed more than thirty days after entry of judgment and we lack jurisdiction to consider the court's order dismissing Delay's complaint. *See* Fed. R.App. P. 4(a). The postjudgment motion also was untimely under Rule 59(e), *see* Fed.R.Civ.P. 59, and thus the district court's ruling on it was a nullity, *see Garrett v. United States*, 195 F.3d 1032, 1033 (8th Cir.1999), and we lack jurisdiction to review that ruling as well, *see Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir.2001).

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* 8th Cir. R. 47A(a).

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.